IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRISH L ROTHWELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00272-JRG |
| | § | |
| MARSHALL CREEK RANCH, LLC, | § | |
| SHANDRA L DORAN, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is the Motion to Dismiss for Forum Non-Conveniens (the "Motion") filed by Defendants Marshall Creek Ranch, LLC and Shandra L. Doran (together, "Defendants").  (Dkt. No. 4.)  Having considered the Motion, the related briefing, and relevant authorities, the Court finds that the Motion should be and hereby is **DENIED**.

Furthermore, the Court, *sua sponte*, **ORDERS** that this case be **transferred** to the Sherman Division and **REASSIGNED** to the Honorable Sean Jordan, sitting in in Plano, Texas.

### I.     BACKGROUND

Plaintiff Trish L. Rothwell ("Plaintiff") filed this personal injury lawsuit against Defendants on July 20, 2022.  (Dkt. No. 1.)  Plaintiff claims she was injured on a trail ride at Marshall Creek Ranch in Southlake, Texas on or about April 6, 2021 when she was thrown from Defendants' horse and fractured eight vertebrae.  (*Id.* at ¶ 8–10.)  The alleged injury occurred in Denton County, Texas.  In the Motion, Defendants move the Court to dismiss case under the doctrine of forum non-conveniens ("FNC") because Plaintiff signed a Release of Liability Agreement ("Agreement") with a provision reciting "[t]he **parties** acknowledge and agree that

venue for any court action and or litigation shall be brought and commenced in Denton County, Texas." (Dkt. No. 4-1 at ¶ 8(c) (emphasis added).)

Denton County, Texas is not home to any federal district courthouse. On the other hand, several District Courts for the State of Texas are located in Denton, Texas (all at the Denton County Courts Building at 1450 E McKinney St, Denton TX 76209). However, the Eastern District of Texas encompasses 43 counties, including Denton County. Denton County is part of the Sherman Division of said District with Congressionally approved places for holding court in the cities of Sherman and Plano.

Defendants contend that the Agreement including the clause identifying "Denton County, Texas" requires Plaintiff to bring her claims in Texas state court, not federal court. (Dkt. No. 4 at ¶ 4.1.) Plaintiff disagrees and contends that the alleged forum selection clause in the Agreement only covers "validity, interpretation, and effect of this agreement," not Plaintiff's tort claims. (Dkt. No. 7 at 3.) Plaintiff brings independent claims, under theories of negligence, premises liability, and statutory violations of the Texas Civil Practice and Remedies Code, and says the same should not be controlled by the Agreement. (*Id.*) Plaintiff also argues the entire Agreement is not valid on its face because it is against public policy and seeks to override the Equine Statute. (*Id.* at 8–14.)

**II. DISCUSSION**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 60 (2013). Both 28 U.S.C. § 1404(a) and forum non conveniens (FNC) are properly raised when a case is filed in an appropriate forum but the district court, in its discretion, finds that it would be more convenient for the case to proceed elsewhere. Different from § 1404(a), however, as the alternative forum in the case of FNC is

2

outside the judicial system of this Court, *dismissal*, not transfer, is the remedy.  Dismissal, rather than transfer, is a harsh remedy, and so FNC is subject to careful limitation and scrutiny.  *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955).

A court has discretion to dismiss a case under FNC "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."  *Sinochem Int'l Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 429 (2007).  To obtain dismissal, a movant is required to show: (1) the existence of an available and adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal.  *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015).  This analysis changes, however, when the parties' contract contains a valid forum selection clause, which "represents the parties' agreement as to the most proper forum."  *Atlantic Marine*, 571 U.S. at 63 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

A threshold issue here is whether the clause in question in the Agreement is an unambiguous forum selection clause ("FSC") which mandates venue in state courts sitting in Denton County, as opposed to federal courts embracing Denton County.  Defendants argue that paragraph 8(c) of the Agreement shows Plaintiff's clear agreement to initiate any litigation in Denton County.  (Dkt. No. 4 at ¶ 4.2.)  Conversely, Plaintiff argues that the "alleged forum selection clause" is inapplicable.  (Dkt. No. 7 at 3.)

Some courts have found that, in the absence of ambiguity, a FSC specifying venue in a county that has no federal court therein cannot be interpreted to permit suit in a federal court located in a different county.  *See, e.g.*, *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318,

3

321 (10th Cir. 1997); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F. Supp. 2d 1114, 1116 (D. Kan. 1998); *Intermountain Sys., Inc. v. Rockwell Elec. Commerce Corp.*, 575 F. Supp. 1195, 1197–98 (D. Colo. 1983); *First Nat'l of North Am., LLC v. Peavy*, 2022 WL 449582, at *2 (N.D. Tex. Mar. 21, 2002); *North Am. Air Force v. Rose*, 2001 WL 1155078, at *2 (N.D. Cal. Sept. 17, 2001). Meanwhile, other courts have held that a FSC designating a specific county also includes the federal court for the district encompassing that county. *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990); *Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Koski Const. Co.*, 474 F. Supp. 370, 371–72 (W.D. Pa. 1979).

When a contract clause is subject to opposing, yet reasonable interpretations, "an interpretation is preferred which operates more strongly against the party from whom the words proceeded." *Zapata Marine Svc. V. O/Y Finnlines, Ltd.*, 571 F.2d 208, 209 (5th Cir. 1978). Here, there is no doubt that the words of the clause in question proceeded from Defendants as a part of the Agreement it prepared and required Plaintiff to sign. Defendants stated that using the Agreement was part of the "regular course of business of Marshall Creek Ranch." (Dkt. No. 4-1 at ¶ 5.)

If the parties had intended, as Defendants contend, to limit venue to state courts located in Denton County, they could have easily eliminated any question in that regard by writing paragraph 8(c) of the Agreement differently. However, they did not. The clause does not say "the parties acknowledge and agree that <u>any court action shall be brought in the state courts situated in Denton County, Texas</u>." When presented with competing, reasonable, interpretations of a contract provision, the Court adopts the interpretation less favorable to the party who provided the contract. *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 402 (5th Cir. 2008)

(interpreting a forum selection clause identifying a county *contra proferentum* to find suit was properly filed in federal district court). This Agreement, as written, leaves open the possibility for venue to properly lie in federal court in the district embracing Denton County, Texas, i.e., the Eastern District of Texas.

Furthermore, like the language of the clause at issue in *Alliance Health*, the language in the Agreement undermines Defendants' position. 553 F.3d at 401. The clause states that "venue for any court action and or litigation shall be brought and commenced in Denton County, Texas." (Dkt. No. 4-1 at ¶ 8(c).) It is unclear how a "court action" is different from "litigation." It is also unclear how "venue" can be "brought and commenced." The imprecise language used in the Agreement suggests a general lack of specificity. The clause does not, for example, state that venue shall be in state court in Denton County, Texas, or that any litigation shall be commenced ***only in*** Denton County, Texas, which might have suggested an intent to limit venue to a single tribunal or judicial system.

Accordingly, the Court finds that the wording of the Agreement is subject to multiple, reasonable interpretations, and thus finds that paragraph 8(c) ambiguous and does not mandate venue in state court in Denton County, Texas.

The Court next turns to the public and private interest factors. The factors, whether for an analysis under FNC or § 1404(a), include (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws. *In re*

*Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

Plaintiff argues that the private and public factors weigh in favor of the Court retaining this case. (Dkt. No. 7 at 4–8.) Plaintiff's briefing walks through the each of the four private factors and four public factors, asserting that each of them is either neutral or only slightly weighs toward dismissal. Plaintiff concludes that because Defendants have not demonstrated that the transferee venue (i.e., state court in Denton County) is "clearly more convenient" than the venue chosen by the Plaintiff, the balancing-of-the-interest does not outweigh Plaintiff's choice of forum.

Defendants assert that the usual analysis for transfer or dismissal based on venue does not apply because Plaintiff has contractually agreed to a forum, and so the Court should not evaluate the private interest factors because the parties have already waived the right to challenge venue as inconvenient. (Dkt. No. 4 at 3); *see also Atlantic Marine*, 571 U.S. at 64; *Weber v. Pact XPP Techs. AG*, 811 F.3d 758, 767 (5th Cir. 2016).

As discussed above, the Court finds that the Agreement does not mandate venue in state court. As such, the Court properly considers all eight (8) factors, both public and private.

As to factor (1), Defendants, having made no showing, do not identify any evidence that is physical in nature. In light of the prevalence and ease of access of electronic sources of evidence, the Court finds this factor neutral. *See In re Planned Parenthood Fed. of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). As to factors (2) and (3), Defendants have stated that "all Defendant-related parties and witnesses are located in or around Denton County." (Dkt. No. 4 at 5–6.) In light of the concurrent intra-district transfer of this case to Plano, the Court finds that federal court in Plano, Texas, adjacent to Denton County, to be similarly convenient. Factors (2) and (3), along with (4) (any other practical problems) are undisputed as being neutral.

Regarding the public interest factors, as to factor (5), the parties identify no administrative difficulties that militate in either direction.  As to factor (6) and a local interest in the outcome, regardless of whether this case proceeds in Plano or Marshall, the citizens of the Eastern District of Texas have an interest in adjudicating disputes involving their own citizens and businesses operating in this District.[1]  Further, any analysis of this factor under the facts in this case is strengthened by the transfer to Plano.  Thus, factor (6) does not weigh in favor of dismissal.  The Court finds factors (7) and (8) also do not weigh in favor of dismissal, as the parties agree that Texas law will apply, and there is no dispute that courts in this district are unfamiliar with negligence cases.

The Fifth Circuit has made it clear that the movant bears the burden to show that the alternative forum is "clearly more convenient" to prevail on a motion under Section 1404(a). *Volkswagen*, 545 F.3d at 315.  Absent such a showing by Defendants, Plaintiff's choice of venue must be respected.  *Id.*  For a motion to dismiss under FNC, which is subject to even more "careful limitation," *Norwood*, 349 U.S. at 31, it follows that Defendants' burden is even higher.  Under the facts of this case, Defendants have not met their burden.

### III.     CONCLUSION

The Court finds that the Agreement does not include an FSC mandating venue in state court in Denton County, Texas.  The Court also finds that all of the public and private interest factors are neutral in this case.  Accordingly, the Court finds that Defendants have not met their burden to show the balance of relevant private and public interest factors favor dismissal, and the Motion should thereby be and hereby is **DENIED**.

---

[1] The citizens of Denton County are equally citizens of the Eastern District of Texas.

**So ORDERED and SIGNED this 2nd day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE